**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HOTTO HERNANDEZ-PADILLA,

      *Petitioner*,

v.                                   Case No. 3:25-cv-1607-WWB-PDB

SECRETARY KRISTI NOEM, et al.,

      *Respondents*.

_____/

## ORDER

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("**ICE**"), filed, with help from counsel, a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). He is proceeding on an Amended Petition (Doc. 4) seeking, *inter alia*, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a). Petitioner alleges that he is a Honduras citizen who entered the United States at or near Hidalgo, Texas, on December 4, 2017, without inspection or admission. (*Id.* at 7). On December 5, 2017, the United States Department of Homeland Security issued a Notice to Appear charging Petitioner as "an alien present in the United States who has not been admitted or paroled" under U.S.C. § 1182(a)(6)(A)(i) and placing him in removal proceedings under § 1229a. (Doc. 4 at 2; Doc. 8 at 13; Doc. 8-2). He contends that immigration officials also processed him as an unaccompanied minor under 8 U.S.C. § 1232. (Doc. 4 at 7–8). Petitioner then filed an application for asylum on September 4, 2018, which is still pending. (*Id.* at 8). Since his entry, Petitioner has lived and worked in the United States; has had two United States citizen children with his wife Irma Raymundo who was granted asylum in 2020; and has maintained a clean criminal record. (*Id.*). On

November 29, 2025, local law enforcement, during a joint task force operation with ICE, conducted a traffic stop of Petitioner. (Doc. 8 at 2). After confirming Petitioner was not legally admitted into the United States, ICE took Petitioner into custody. (*Id.*). On December 23, 2025, an immigration judge held a custody determination hearing, during which the judge denied bond pursuant to 8 U.S.C. § 1225(b)(2) and alternatively determined Petitioner to be a flight risk. (*Id.* at 2–3). Petitioner is currently in ICE custody at Baker County Detention Center.

Petitioner asserts ICE is unlawfully detaining him under 8 U.S.C. § 1225(b)(2)'s mandatory detention, which is violating his rights under: (Count I) the Due Process Clause of the Fifth Amendment; (Count II) the Administrative Procedure Act ("**APA**"); and (Count III) the Immigration and Nationality Act ("**INA**"). (Doc. 4 at 22–24). Petitioner also asserts he is entitled to relief because he still enjoys the protections of the Unaccompanied Alien Child Protection Act; and he is a member of the bond eligible class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *final judgment entered*, 2025 WL 3713982 (C.D. Cal.). (*Id.* at 15–21).

Respondents filed a Response (Doc. 8) arguing that the Court lacks jurisdiction to entertain the Amended Petition; Petitioner failed to exhaust his administrative remedies; and in any event, the Amended Petition lacks merit because Petitioner's detention is lawful under § 1225(b)(2) and *Bautista* does not apply.

Petitioner filed a Reply. (Doc. 10). Petitioner opposes Respondents' jurisdictional and exhaustion arguments; and seemingly asserts that the primary substantive issue for the Court's consideration is that § 1226(a) governs Petitioner's detention and even if

§ 1225 applies, due process requires individualized reviews for prolonged detention. (*See generally id.*).

## I.   DISCUSSION

As to Respondents' jurisdictional arguments, the Court has already considered and rejected those same claims. *See Dos Santos Lopes v. Sec'y, Dep't of Homeland Security*, No. 3:25-cv-1522-WWB-LLL, 2026 WL 776158, at *1 (M.D. Fla. Mar. 19, 2026) (finding neither § 1252(g) nor § 1252(b)(9) bar the petitioner's challenge to ICE's decision to treat him as an "applicant for admission" under § 1225(b)).  Also, the Court need not address Respondents' exhaustion argument because the Amended Petition will be denied on the merits.  *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question.").

To that end, the Court turns to the merits of Petitioner's claims.

### A. Count I & Count III

The underlying premise of Petitioner's claims is that he should be classified under 8 U.S.C. § 1226(a) and afforded a bond hearing before an immigration judge rather than being mandatorily detained under 8 U.S.C. § 1225(b)(2).

Section 1225 governs "applicants for admission," which the statute defines as "[a]n alien present in the United States who has not been admitted or who arrives in in the United States (whether or not at a designated port of arrival . . . )."  8 U.S.C. § 1225(a)(1); *see Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (noting that under § 1225, "an alien

who arrives in the United States, or is present in this country but has not been admitted, is treated as an applicant for admission (internal quotation marks and citation omitted)). Immigration laws require applicants for admission to be inspected by immigration officers to determine whether they should be admitted into the country. *Jennings*, 583 U.S. at 287. Certain applicants are subject to expedited removal. *See* 8 U.S.C. § 1225(b)(1). But, as relevant here, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by [subsection(b)(1)]." *Jennings*, 583 U.S. at 288. There are no exceptions to permit the government to release aliens under this subsection on bond. *See* 8 U.S.C. § 1225(b)(2).

The INA includes provisions applicable to aliens in general, including those aliens who do not qualify as an "applicant for admission." *See* 8 U.S.C. § 1226. Section 1226(a) states: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General "*may* continue to detain the arrested alien" or "*may* release the alien on bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2) (emphasis added).

It is undisputed that Petitioner entered the United States without inspection and has now been residing here for years. While the Eleventh Circuit has yet to address the issue, other courts have addressed whether noncitizens in similar scenarios properly fall under § 1225 or § 1226. And here, the Court adopts the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits. *See Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous, thus an "alien present in the United States who has

4

not been admitted" "shall be detained"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498–508 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention.); *but see Castanon-Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument). In sum, because Petitioner entered the United States illegally and has not been admitted, he is an applicant for admission who is properly detained under § 1225(b)(2) as Respondents contend.

Petitioner claims his detention violates his due process rights under the Fifth Amendment and the INA. (Doc. 4 at 22). But "[d]etention during removal proceedings is a constitutionally permissible part of" the deportation process. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Accordingly, the Supreme Court has held that due process does not require a bond determination for a § 1226(c) detention during the entirety of removal proceedings. *See id.* If the Fifth Amendment does not require a bond hearing for § 1226 detainees during their mandatory detention, "then the same is true" for § 1225 detainees during theirs. *Chen v. Almodovar*, No. 25 Civ 9670, 2026 WL 100761, at *14 (S.D.N.Y Jan. 14, 2026). As such, Petitioner's mandatory detention under section 1225(b)(2) neither violates the INA nor the Fifth Amendment's Due Process Clause.

## B. Count II

Petitioner claims the United States Citizenship and Immigration Services' "dramatic reversal of past policy without explanation regarding the applications of § 1225 and § 1226" raises issues under the APA. (Doc. 4 at 23). But, as the Fifth Circuit explained in *Buenrostro-Mendez*, the fact "that prior Administrations decided to use less than their full enforcement authority under § 1225(b)(2)(A) does not mean they lacked the

authority to do more." 166 F.4th at 506. And this Court declines to find any delay in implementing the full power of § 1225 to be an APA violation. As such, this claim is denied.

## C. Unaccompanied Alien Child Protection Act

Petitioner also seemingly argues that he cannot be detained under § 1225(b), because that section governs expedited removal proceedings; and since he is still entitled to the protections of the Unaccompanied Alien Child Protection Act, he is prohibited from being placed in expedited removal proceedings. (Doc. 4 at 18). But Petitioner is not in expedited removal proceedings, and contrary to Petitioner's contention, § 1225 does not only apply to those individuals in expedited removal proceedings. *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, --- F. Supp. 3d ---, No. 3:25-cv-1313, 2026 WL 261938, at *2–3 (M.D. Fla. Jan. 26, 2026) (discussing the three categories of "applicants for admission" who are subject to mandatory detention under § 1225(b), including those, like Petitioner, who have been placed in full removal proceedings but still subject to mandatory detention under § 1225(b)(2)(A)). Thus, this claim is denied.

## D. Bautista

Finally, while Petitioner asserts he is entitled to relief as a member of the certified class announced in *Bautista*, the Court finds that the decision in that case is not binding on this Court. Indeed, since the filing of this case, the Ninth Circuit has stayed, pending appeal, the district court's December 18, 2025 declaratory judgment insofar as it extends beyond the Central District of California. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir.) (Doc. 5). Likewise, even the *Bautista* court acknowledged the limitations of its jurisdiction. *See Bautista*, 813 F. Supp. 3d at 1125 ("The court cannot order nationwide release or bond hearings for Bond Eligible class members, especially

6

so to those confined outside this judicial district.").   Indeed, absent the application of res judicata or collateral estoppel, a district court is not bound by the judgment of another district court.  *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004).  Res judicata applies only when the cases "involve the same parties or their privies."  *See S. River Watershed All., Inc. v. Dekalb Cnty.*, 69 F.4th 809, 815 n.1 (11th Cir. 2023) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)).  As Petitioner was not a party to the *Bautista* case, res judicata does not apply.  Moreover, offensive collateral estoppel is not available against the government.  *See Calderon Lopez v. Lyons*, 2025 WL 3683918, at *12–13 (N.D. Tex. Dec. 19, 2025).  As such, this claim is without merit.

Therefore, it is **ORDERED** and **ADJUDGED**:

1.  The Amended Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED**.

2.  The Clerk is **DIRECTED** to enter judgment, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on April 24, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c:
Counsel of Record

7